FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 27 2009 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YESENIA E. PASCUAL<br>Plaintiff<br><br>v.<br><br>MANN BRACKEN LLP<br><br>Defendant | 09-1298<br><br>COMPLAINT AND JURY DEMAND<br><br>GLASSER, J. POHORELSKY, M.J. |

Plaintiff, YESENIA E. PASCUAL ("PASCUAL") brings suit against Defendant MANN BRACKEN LLP ("MANN BRACKEN") for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692.

### A. JURISDICTION AND VENUE.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Brooklyn, New York.

3. Plaintiff is an individual who resides in Brooklyn, NY.

4. Defendant MANN BRACKEN LLP, a limited liability partnership, organized under the laws of the State of Delaware. MANN BRACKEN, LLP may be served by and through its registered CT Corporation System, 111 Eighth Ave., New York, NY 10011.

### B. STATEMENT OF FACTS

5. Defendant Mann Bracken, a debt collection law firm, attempted to collect from Plaintiff

1

an alleged credit card debt with Chase Bank USA, NA.

6. Defendant demanded and received partial payment from Plaintiff regarding the alleged debt.

7. However, Defendant would not credit Plaintiff's alleged account for the payment(s) received.

8. Defendant continued to attempt the debt through letters, phone calls, and through filings in an arbitration proceeding without crediting Plaintiff for the payments she has already made.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

9. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

10. Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

13. The obligation alleged by Defendant in letters to Plaintiff and in the arbitration proceeding is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Defendant's filings in the arbitration action constituted an attempt to collect a debt within the meaning of the federal Fair Debt Collection Practices Act.

15. Defendant violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of

example and not limitation Defendant violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or contract; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; and engaging in conduct the natural consequence of which is to harass, oppress any person.

16. Plaintiff seeks actual damages, statutory damages, exemplary damages and attorney's fees and costs.

### C. JURY DEMAND.

17. Plaintiff demands a trial by jury.

### D. PRAYER

18. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   i. The above referenced relief requested;

   ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.);

   iii. Actual and exemplary damages within the jurisdictional limits of the court;

   iv. Attorney fees and costs;

   v. Prejudgment and post-judgment interest as allowed by law;

   vi. General relief;

   vii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/*

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
State of Texas Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

4